United States District Court
Southern District of Texas
**ENTERED**
February 05, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **RODOLFO GARCIA,** | § | |
| Petitioner, | § | |
| V. | § | CIVIL ACTION NO. 5:18-cv-28 |
| **LORIE DAVIS,** *et al.*, | § | |
| Respondents. | § | |

## AMENDED REPORT AND RECOMMENDATION

Before the Court is Rodolfo Garcia's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). On January 17, 2019, the Magistrate Judge issued a Report and Recommendation recommending that Garcia's petition be dismissed with prejudice. (Dkt. No. 16). On January 28, 2019, the Court received from Garcia a supplemental brief dated January 17, 2019, but postmarked January 22, 2019. (Dkt. No. 18). Having reviewed Garcia's supplemental brief, the Magistrate Judge now issues this Amended Report and Recommendation, which amends and supersedes the original Report and Recommendation. Because Garcia's supplemental brief fails to justify why the statute of limitations does not bar his petition, the Magistrate Judge again recommends that the petition be dismissed with prejudice.

### I. Background

Garcia is a Texas state inmate (TDCJ #01634955) in the custody of the Texas Department of Criminal Justice. (Dkt. No. 1 at 1). According to the petition, Garcia was convicted in state court on February 3, 2010, and sentenced to twenty-four years imprisonment. (*Id*. at 1 at 2). The state appellate court affirmed his conviction on December 7, 2010. (*Id.* at 3). After his conviction, Garcia filed a state court petition for writ of habeas corpus. (*Id.* at 3). The Texas Court of Criminal Appeals denied that

petition on November 2, 2016. (*Id.* at 4). Garcia then filed his pending federal petition on February 21, 2018. (Dkt. No. 1).

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this case. "Under AEDPA, a prisoner in state custody is subject to a one-year statute of limitations for filing a federal habeas petition." *Brown v. Thaler*, 455 F. App'x 401, 404 (5th Cir. 2011) (citing 28 U.S.C. § 2244). The prisoner "must file his federal petition within one year 'of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" (*Id.*) (quoting § 2244(d)(1)(A)). However, "AEDPA's one-year limitations period [will] toll during the pendency of properly filed state post-conviction proceedings." *United States v. Wheaten*, 826 F.3d 843, 850 (5th Cir. 2016). Here, the one-year limitations period tolled until November 2, 2016, which is the date the Texas Court of Criminal Appeals denied Garcia's state petition for writ of habeas corpus. Therefore, the statute of limitations expired one year later on November 2, 2017.

Garcia's federal habeas petition is dated February 9, 2018, and was filed on February 21, 2018, more than one year after the end of the tolling period. Furthermore, nothing in the petition indicates that the statute of limitations is subject to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998) (holding that the limitations period under AEDPA "can be equitably tolled in appropriate, albeit extraordinary circumstances").

On December 5, 2018, the Court ordered Garcia to file a brief within thirty days to show cause why the limitations period had not expired. *See Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)) ("'[B]efore acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'"). The Court received Garcia's first response brief on January 14, 2019. (Dkt. No. 14). Although this was after the thirty-day deadline expired,

Garcia's brief described at length why events prevented Garcia from timely filing it. (*Id.* at 1-4). The Court construed this explanation as a motion to extend the prior deadline. (Dkt. No. 16 at 2). *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (the Court must construe a pro se movant's brief "liberally in his favor"). The Court then granted Garcia's motion and retroactively extended the response deadline to the date Garcia filed his brief. (Dkt. No. 16 at 3). Afterwards, Garcia submitted what is apparently a supplement to his prior brief. (Dkt. No. 18). Garcia dated his supplemental brief January 17, 2019, although it was not postmarked until January 22. (*Id.* at 18). Regardless of which date is considered to be the filing date, this was after Garcia's extended response deadline. Nevertheless, the Court again extrapolates from Garcia's brief a motion to extend the response deadline.

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend a deadline after its expiration upon a finding of "good cause" and "excusable neglect." "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 161 n. 8 (5th Cir. 2006) (quotations omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler,* 376 Fed.Appx. 442, 443–44 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 894–98 (1990)). Finding excusable neglect, the Court will extend Garcia's response deadline through January 28, 2019.

In the end, however, neither Garcia's initial brief nor his supplemental brief offer any reason as to why the statute of limitations should be equitably tolled. In other words, Garcia fails to address the reason that he did not file his petition within one year after the Texas Court of Criminal Appeals

3

denied his state petition for writ of habeas corpus. Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Wheaten*, 826 F.3d at 851 (citations omitted). Absent any such extraordinary circumstances, the statute of limitations will not toll. Accordingly, the Court concludes that Garcia's petition is time-barred and subject to summary dismissal.

### III. Recommendation

This Magistrate Judge **RECOMMENDS** that Garcia's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) be **DISMISSED WITH PREJUDICE**.

### IV. Notice of Right to Object

The parties may file written objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). If a party objects within fourteen days after receiving service of this Report, the District Court will review *de novo* the findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas*, 474 U.S. at 150. Furthermore, if the parties do not object and then the District Court accepts this Report's findings and legal conclusions, on appeal such findings and conclusions will be reviewed only for plain error. *Douglass*, 79 F.3d at 1428.

SIGNED on February 5, 2019, at Laredo, Texas.

_____
John A. Kazen
United States Magistrate Judge

4