UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **RODOLFO GARCIA,** | § § § | |
| Petitioner, | § | |
| VS. | § | **CIVIL ACTION NO. 5:18-CV-28** |
| **LORIE DAVIS,** *et al*, | § § § | |
| Respondents. | § § | |

## MEMORANDUM & ORDER

Petitioner Rodolfo Garcia, TDCJ No. 01634955, is incarcerated by the Texas Department of Criminal Justice at the James V. Allred Unit in Iowa Park, Texas. (Dkt. 1 at 1, 16.) He filed a pro se petition for a writ of habeas corpus by a person in state custody on February 21, 2018. (Dkt. 1.) Magistrate Judge John Kazen screened the petition under Rule 4 of the Rules Governing Section 2254 Cases. (Dkt. 10.) He issued a Report and Recommendation (R&R)[1] concluding that: (1) the petition was untimely under 28 U.S.C. Section 2244(d)(1); (2) no circumstances warranted equitable tolling of the limitations period; and (3) the Court should dismiss the petition. (Dkt. 20 at 1, 4.) Petitioner timely objected to the R&R. (*See* Dkts. 23–25.)[2] The Court, having reviewed de novo those portions of the R&R to which Petitioner objects, hereby ACCEPTS the recommendation of the Magistrate Judge to the extent discussed herein. *See* 28 U.S.C. § 636(b)(1)(C). The petition shall be DISMISSED.

---

[1] The Magistrate Judge withdrew his original R&R (Dkt. 16) in favor of an amended version (Dkt. 20), which superseded the original (*id.* at 1). Therefore, the Court addresses only the amended R&R.

[2] Though not labeled as such, the Court construes these filings as objections because Petitioner dated them during the objections period, they respond directly to both R&Rs, and they address the issue of timeliness.

**Legal Standards**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), prisoners in state custody have one year to file a federal habeas petition after their state conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute tolls the limitations period in three specified instances. *Id.* § 2244(d)(1)(B)–(D). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). In addition, courts may equitably toll the limitations period in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). To obtain equitable tolling, a petitioner must show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 n.57 (5th Cir. 2016) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006)). The petitioner bears the burden of proof and must establish both diligence and extraordinary circumstances to prevail. *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755–56 (2016).

**Discussion**

A.   **Timeliness**

Magistrate Judge Kazen correctly found that the petition was untimely absent either statutory or equitable tolling. (*See* Dkt. 20 at 2.) He started Petitioner's one-year clock on November 2, 2016, the date on which the Texas Court of Criminal Appeals (TCCA) dismissed Petitioner's state habeas corpus petition (*id.*), and stopped it one year later on November 2, 2017

(*id.*). Petitioner filed the pending motion on February 21, 2018. (Dkt. 1 at 1.) Thus, as Petitioner concedes, the petition was months late. (*See id.* at 9, Dkt. 24 at 1.)

**B.      Equitable Tolling**

Petitioner objects to the Magistrate Judge's conclusion that no circumstances warrant equitable tolling of the limitations period. (Dkt. 24 at 3; Dkt. 25 at 3; *see* Dkt. 20 at 3–4.) He argues for equitable tolling on two grounds. First, he alleges that his prison law libraries ignored his requests for copies of a form on which to file a federal habeas petition.[3] (Dkt. 24 at 2–3.) Second, he claims he did not know the proper legal steps to take after the TCCA denied his state habeas petition. (*Id.* at 1.) Petitioner's objections must be overruled because neither alleged circumstance equitably tolls the limitations period.

First, Petitioner alleges that the law libraries ignored his requests for habeas filing forms, but the Fifth Circuit has "repeatedly held that an inadequate prison law library does not constitute a 'rare and exceptional circumstance' warranting equitable tolling." *Robinson v. Johnson*, 273 F.3d 1098, at *2 (5th Cir. 2001) (per curiam) (citing *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713–14 (5th Cir. 1999)). A claim that a law library ignored or rejected requests for legal materials is a claim that a law library was inadequate. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (declining to equitably toll the statute for a prisoner alleging "denial of access to research materials or the law library"); *United States v. Gilbert-Alvarez*, 2006 WL 3761888, at *3, *7 (S.D. Tex. Dec. 21, 2006) (same, for a claim the library ignored

---

[3] Petitioner calls the document he requested from the libraries, "28 USC § 2254," adding that he previously obtained copies of "28 USC § 2254" from a fellow prisoner, but that the copies "contained other people['s] information," thus prompting his request to the libraries. (Dkt. 24 at 2.) The Court therefore concludes that by "28 USC § 2254," Petitioner refers not to a copy of the statute itself, but to a form used to file a petition under the statute.

3 / 5

requests). Petitioner's claim is no different from the foregoing cases. An inattentive law library is an inadequate one, but that is not a "rare and exceptional" circumstance that permits the Court to equitably toll AEDPA's limitations period.

Second, Petitioner's claimed ignorance of the law is not an extraordinary circumstance. (*See* Dkt. 24 at 1.) "[M]ere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to a law's requirements." *Felder*, 204 F.3d at 171–72 (citing *Fisher*, 174 F.3d at 714 n.13). Petitioner's pro se status does not change this analysis. "[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Id.* at 171. In sum, Petitioner shows no extraordinary circumstances and thereby fails to establish the second of the two required *Holland* prongs.[4] *See Menominee Indian Tribe*, 136 S. Ct. at 756. The Court will therefore accept the Magistrate Judge's finding that Petitioner is not entitled to equitable tolling, overrule Petitioner's objections, and dismiss the petition.

## Conclusion

For the foregoing reasons, the Magistrate Judge's Report and Recommendation (Dkt. 20) is hereby ACCEPTED and the petition (Dkt. 1) is hereby DISMISSED with prejudice. Petitioner's Motion for a Hearing (Dkt. 22) is hereby DENIED AS MOOT.

Because the Court concludes that Petitioner makes no substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2).

---

[4] Petitioner also did not pursue his rights diligently. *See Holland*, 560 U.S. at 649. He waited ten months after his state post-conviction proceedings ended before pursuing federal habeas relief. (*See* Dkt. 1 at 4; Dkt. 24 at 2.) This delay far exceeds the four-to-six-month periods the Fifth Circuit has held show lack of diligence. *See Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001); *Coleman*, 184 F.3d at 403; *Koumjian v. Thaler*, 484 F. App'x. 966, 969–70 (5th Cir. 2012) (per curiam) (unpublished); *see also Salazar-Rodriguez v. United States*, 2015 WL 12672325, at *4 (S.D. Tex. Aug. 5, 2015), *report and recommendation adopted sub nom. Jonathan v. United States*, 2016 WL 6092712 (S.D. Tex. Oct. 18, 2016).

For this reason, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this decision would not be taken in good faith and, therefore, should not be taken *in forma pauperis*. *See* Fed. R. App. P. 24(a).

The Clerk of Court is DIRECTED to mail Petitioner a copy of this Order by Federal Express at the address indicated in his most recent filing. The Clerk is also DIRECTED to send a copy of this Order to the Attorney General of the State of Texas on behalf of Respondent Lorie Davis, Director of the Texas Department of Criminal Justice, Criminal Institutions Division, and Respondents Arlene Franco and Kendall Richerson.

IT IS SO ORDERED.

SIGNED this 7th day of June, 2019.

_____
Diana Saldaña
United States District Judge